IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAMELA ANNETTE BOWMAN,        *

    Plaintiff,                     *

    v.                        *        Civil Action No. 8:21-cv-02551-PX

TRANS UNION, LLC,           *

    Defendant.               *
                            ***

## MEMORANDUM OPINION

Pending before the Court is the motion for summary judgment filed by Defendant Trans Union, LLC ("Trans Union").  ECF No. 24.  The time for responding to the motion has passed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the Court GRANTS Defendant's motion.

### I.  Background[1]

In December 2019, Plaintiff Pamela Bowman noticed information on her credit report that she believed to be inaccurate.  ECF No. 4 ¶ 3.  The credit report allegedly included information regarding unspecified "fraudulent accounts," and multiple credit inquiries that she did not cause to be made.  *Id.*  On December 23, 2019, Bowman informed Trans Union in writing about fourteen such allegedly erroneous items on her report (the "First Dispute").  ECF No. 24-8 at 2–4.  In response, Trans Union investigated Bowman's claims and communicated the results to her on February 18, 2020.  ECF No. 24-9.  Trans Union removed eight of the fourteen items she had identified from the report, including one specifically involving a corporation known as "Portfolio Recovery."  *Id.* at 5.  Three other items—though ultimately determined to be

---

[1] Except where otherwise noted, the facts related below are undisputed and construed most favorably to Plaintiff Pamela Bowman as the non-movant.  *See The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 364 n.3 (D. Md. 2011).

accurate—were updated with new information.  *Id.* at 6–7.

On April 21, 2020, Bowman sent another letter to Trans Union disputing twenty-one "alleged accounts" held by fourteen creditors (the "Second Dispute").  ECF No. 24-10.  In this correspondence, she demanded that Trans Union verify the "alleged debts" reported on each of the accounts.  *Id.* at 3–4.  Again, Trans Union responded to Bowman's correspondence, providing to her a consumer disclosure dated May 2, 2020.  ECF No. 24-11.  The disclosure included a list of satisfactory and adverse accounts attributed to Bowman.  *Id.* at 2–10.  The disclosure did not include nine of the fourteen disputed creditors listed in Bowman's letter, including Portfolio Recovery.  *Id.*; ECF No. 24-10 at 2.  Another disputed creditor was reported as a satisfactory account.  ECF No. 21-11 at 10; ECF No. 24-10 at 2.  Thereafter, Bowman complained to the Consumer Financial Protection Bureau and law enforcement that Trans Union wrongfully failed to take sufficient corrective action in response to her letters of inquiry.  ECF No. 4 ¶¶ 15, 29.

Bowman next filed suit against Trans Union in the Circuit Court for Prince George's County, Maryland, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.  See id.* [2]  The Complaint avers that Trans Union violated the FCRA in failing to remove from her credit report inaccurate address information and "fraudulent and disputed accounts," specifying only the Portfolio Recovery account.  *Id.* ¶ 25–26.  Trans Union timely removed the action to this Court and answered the Complaint.  ECF Nos. 1 & 6.

During discovery, Bowman demonstrated a lack of interest in pursuing her case.  She failed to timely respond to Trans Union's discovery requests such that the Court needed to

---

[2] Bowman also filed similar complaints against Wells Fargo Dealer Services and TD Bank, respectively, both of which were removed to this Court and subsequently dismissed.  *See Bowman v. Wells Fargo Dealer Servs. Corp.*, No. 21-cv-2773-PX; *Bowman v. TD Bank/Target*, No. 21-cv-2692-PX.

intervene.  ECF No. 19.  After months of dereliction, the Court ordered that Bowman respond to the outstanding discovery by not later than June 13, 2022.  ECF Nos. 22 & 23.  Bowman failed to meet that deadline.  ECF No. 24-1 at 10.  Ultimately, she provided late answers to Trans Union's interrogatories two days after the deadline, but wholly failed to respond to Trans Union's requests for admissions or production of documents.  *Id.*; ECF No. 24-5.

On June 17, 2022, Trans Union moved for summary judgment.  ECF No. 24.  After Bowman failed to respond to the motion for nearly six months, the Court issued an Order granting Bowman one final opportunity to respond by no later than December 27, 2022.  ECF No. 26.  To date, Bowman has filed nothing in opposition to Trans Union's requested relief.

**II.     Standard of Review**

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Where the party bearing the burden of proving a claim or defense "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment against that party is warranted.  *Celotex*, 477 U.S. at 322.  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but 'must come forward with specific facts showing that there is a genuine issue for trial.'"  *Emmett*, 532 F.3d at 297 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Even if a summary judgment motion is unopposed, the Court must independently assess the sufficiency of the evidence in the light most favorable to the non-moving party to determine whether judgment as a matter of law is

3

proper.  *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

### III.    Analysis

Trans Union contends that summary judgment is warranted because Bowman has failed

to marshal any evidence in support of her FCRA claims.  ECF No. 24-1 at 21–29.  Although the

Complaint does not particularize which section of the FCRA Trans Union has purportedly

violated, a generous reading of the Complaint seems to suggest violations of 15 U.S.C. §§

1681e(b) and 1681i.  These provisions require credit reporting agencies to take certain steps to

ensure the accuracy of their reporting.  To prevail on a Section 1681e(b) claim, a plaintiff must

establish that her credit report was inaccurate, and that the reporting agency failed to follow

reasonable procedures to ensure the report's accuracy.  15 U.S.C. § 1681e(b); *Dalton v. Cap.*

*Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).  Although the reasonableness of a

reporting agency's procedures is "ordinarily a jury question," a plaintiff is "still required to

minimally present some evidence of unreasonableness" to survive summary judgment.  *Jackson*

*v. Warning*, No. PJM-15-1233, 2016 WL 7228866, at *5 (D. Md. Dec. 13, 2016) (quoting

*Dalton*, 257 F.3d at 416) (internal quotations and alterations omitted).  Likewise, as to an alleged

Section 1681i violation, the plaintiff must adduce some evidence that her credit report was

inaccurate, and that the reporting agency failed to conduct a reasonable reinvestigation related to

the disputed inaccurate information.  15 U.S.C. § 1681i(a)(1)(A); *McCray v. Equifax Consumer*

*Servs., LLC,* No. RDB-18-0994, 2018 WL 4634195, at *3 (D. Md. Sept. 27, 2018).  Otherwise,

absent proof on these elements, summary judgment shall issue in favor of the credit reporting

agency.  *Jianqing Wu v. Trans Union*, No. AW-03-1290, 2006 WL 4729755, at *8 (D. Md. May

2, 2006).

Given Bowman did little to nothing in discovery to advance her case, no record evidence

exists to support either statutory claim.  The evidence, viewed most favorably to Bowman, shows that Trans Union complied with its FCRA obligations as to her credit report.  In response to the First Dispute, Trans Union deleted several of the accounts that Bowman had claimed were inaccurate, including the Portfolio Recovery account.  *See* ECF No. 24-9; 15 U.S.C. § 1681i(a)(1)(A) (specifying deletion of disputed information as a permissible response following reinvestigation).  Trans Union also investigated the accounts referenced in the Second Dispute and determined many of them simply had not been attributed to, or adversely reported against, Bowman—including the Portfolio Recovery account.  ECF No. 24-11.  Accordingly, no genuine issue of disputed fact exists as to the reasonableness of Trans Union's investigation or the accuracy of its reporting.  15 U.S.C. § 1681i(a)(1)(A).[3]  Likewise, the undisputed evidence shows that Trans Union maintains reasonable procedures to ensure the accuracy of its reporting in accordance with 15 U.S.C. § 1681e(b), including audits of information furnishers and the use of automated forms to verify disputed information with furnishers.  ECF No. 24-7 ¶¶ 17–22.

Bowman, for her part, has failed to respond to Trans Union's arguments, and so has abandoned her claims.  *See Estate of Edgerton v. UPI Holdings, Inc.*, No. CCB-09-1825, 2011 WL 6837560, at *4 (D. Md. Dec. 28, 2011) (citing *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997)).  Nor can the Court consider the Complaint—as "mere allegations" of wrongdoing—sufficient to create a genuine dispute of material fact.  *Emmett*, 532 F.3d at 297.  Because on this record no reasonable juror could conclude that Trans Union violated the requirements of Sections 1681e(b) and 1681i, the motion for summary judgment must be granted.

---

[3] Neither the First Dispute nor Second Dispute specifically challenges the accuracy of the addresses on Bowman's report, such that Trans Union was not required to reinvestigate this specific piece of information.  ECF Nos. 26-8 & 26-10.

**IV.      Conclusion**

For the foregoing reasons, the Court grants summary judgment in favor of Defendant,

Trans Union.  A separate Order follows.


1/11/2023
Date

_____/S/_____
Paula Xinis
United States District Judge